UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BUZZ POP COCKTAILS CORPORATION,**

    Plaintiff,

v.                              Case No: 8:19-cv-1840-MSS-TGW

**BOOZE POPS, LLC,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss for Lack of Standing, Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Improper Venue, and Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, (Dkt. 14), Plaintiff's response in opposition thereto, (Dkt. 15), and Defendant's reply. (Dkt. 18) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Standing and **GRANTS** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

    **I.    BACKGROUND**

        **A.  Allegations of the Amended Complaint**

Buzz Pop Cocktails Corporation ("Buzz Pop")—a Florida corporation headquartered in Holiday, Florida—manufactures and distributes frozen alcoholic sherbet throughout the United States. (Dkt. 9 at ¶¶ 4, 6) Buzz Pop alleges that it is the successor-in-interest to Ruskboy Holdings, LLC, which did business under the fictitious name "Buzz Pop Cocktails." (Id. at ¶ 5) Buzz Pop also claims it is the "successor owner" of three

trademarks related to Buzz Pop's products. (Id. at ¶¶ 5, 9) The trademarks were registered by a separate entity, Real Estate Flipz, LLC. (Id. at ¶ 5)

Booze Pops, LLC is a South Carolina limited liability company that bought frozen alcohol sherbet from Buzz Pop for resale until August 2018, when the Parties terminated their relationship. (Id. at ¶¶ 7, 18) Before termination, Booze Pops held "an implied limited license" to use Buzz Pop's trademarks to promote the sale of Buzz Pop's products. (Id. at ¶ 18)

Buzz Pop alleges that, after the Parties' relationship ended, Booze Pops improperly used Buzz Pop's trademarks to promote and sell a competing line of frozen alcoholic sherbet. (Id.) According to Buzz Pop, Booze Pops displays Buzz Pop's trademarks on its website and its Facebook and Instagram pages, "impl[ying] an affiliation with [Buzz Pop]" that "does not exist." (Id. at ¶¶ 20-22) Booze Pops also uses its website to "solicit[ ] franchisees nationwide and within this Judicial District." (Id. at ¶ 7)

Buzz Pop separately alleges that Booze Pops failed to pay Buzz Pop for 114 cases of sherbet Booze Pops ordered in August 2018. (Id. at ¶¶ 45-49) The terms of the agreement were allegedly based on the "previous course of conduct between the [P]arties," with Booze Pops agreeing to pay Buzz Pop $31,492.50 for the goods. (Id. at ¶¶ 45, 48-49) Sometime between September 27 and October 1, 2018, the Buzz Pop sherbet was shipped from Las Vegas, Nevada to Lexington, South Carolina. (Dkt. 9 at Ex. E)

### B. Procedural History

Buzz Pop initiated this action on July 29, 2019. (Dkt. 1) Booze Pops moved to dismiss on August 26, and on September 16, Buzz Pop filed an Amended Complaint.

(Dkts. 6, 9) The Amended Complaint advances two sets of claims. The first category of claims rests on Booze Pops' allegedly improper use of Buzz Pop's trademarks to promote and sell a competing line of frozen alcoholic sherbet. (Dkt. 9 at ¶¶ 23-47) Three of these claims (trademark infringement, unfair competition, and dilution) are brought under the Lanham Act. (Id. at ¶¶ 23-33) The remaining trademark-related counts are common-law claims for trademark infringement, unfair competition, injury to business reputation and dilution, and unjust enrichment. (Id. at ¶¶ 34-47) The second category of claims concerns Booze Pops' alleged failure to pay Buzz Pop for the 114 cases of sherbet Booze Pops purchased. (Id. at ¶¶ 44-50) To recover the amount owed for the sherbet, Buzz Pop asserts claims for breach of contract and unjust enrichment. (Id.)

Booze Pops moved to dismiss the Amended Complaint on several grounds, including that (i) Buzz Pop lacks Article III standing to pursue its claims, (ii) the Court cannot exercise personal jurisdiction over Booze Pops, (iii) venue is not proper in the Middle District of Florida, and (iv) Buzz Pop fails to state any claims for relief. (Dkt. 14 at 3-4)

To support its personal-jurisdiction arguments, Booze Pops submitted an affidavit from Woodrow Norris, Booze Pops' founder. (Dkt. 14-2 at ¶ 1) Norris states that Booze Pops (i) "does not own, lease, rent, or use property in Florida," (ii) "does not have or maintain any offices in Florida," (iii) "does not have any mailing addresses or telephone listings in Florida," (iv) "has no employees or agents in Florida," (v) "is not registered to conduct business in Florida and does not conduct business in Florida whether electronically online or offline by non-electronic means," and (vi) "has not entered into any contracts which require conduct or performance in Florida." (Id. at ¶¶ 3-7, 11) Norris also

states that Booze Pops' website (i) is "informational only," (ii) does not allow consumers to purchase products, (iii) "does not target any particular state and does not seek to collect information from persons in any particular state," and (iv) "does not provide potential franchisees the ability to purchase or contract for the purchase of a franchise online." (Id. at ¶¶ 14-16) Finally, Norris's affidavit includes a printout of the Booze Pops website. (Dkt. 14-2 at Ex. A)

## II.   LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). "Facial attacks" on the complaint require the Court to examine the four corners of the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Factual attacks," on the other hand, permit the Court to look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d

957, 960 (11th Cir. 1999) (citing Lawrence, 919 F.2d at 1529). Because the Court's authority to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### B. Rule 12(b)(2)

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff must establish a *prima facie* case of jurisdiction over a non-resident defendant." Courboin v. Scott, 596 F. App'x 729, 732 (11th Cir. 2014) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).[1] "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (quoting Madara, 916 F.2d at 1514). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Where "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" Id. at 1274 (quoting Meier, 288 F.3d at 1269); see also Polskie Linie Oceaniczne v. Seasafe Transport A/S, 795 F.2d 968, 972 (11th Cir. 1986) (noting that, if the defendant makes a showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint"). Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

5

court must construe all reasonable inferences in favor of the plaintiff. Meier, 288 F.3d at 1269.

### III. DISCUSSION

Booze Pops advances several arguments in support of dismissal, including lack of subject-matter and personal jurisdiction, failure to state a claim, and improper venue. (Dkt. 14 at 3-4) Because Booze Pops has challenged both subject-matter jurisdiction and personal jurisdiction, the Court "first resolves doubts about its jurisdiction over the subject matter," and then turns to personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999). The Court concludes that, although it has subject-matter jurisdiction over this action, it lacks personal jurisdiction over Booze Pops. Accordingly, the Court does not reach Booze Pops' arguments regarding venue and failure to state a claim.

#### A. The Court Has Subject-Matter Jurisdiction over Buzz Pop's Claims

##### i. The Contract-Related Claims

Booze Pops argues that this Court cannot exercise subject-matter jurisdiction over this action because Buzz Pop lacks Article III standing to assert any of its claims. (Dkt. 14 at 10-11) According to Booze Pops, Buzz Pop lacks standing to pursue claims based on the August 2018 contract because Buzz Pop was not formed until December 2018 and thus "did not exist at the time of the alleged wrong." (Id. at 11) In support of this argument, Booze Pops cites Buzz Pop's articles of incorporation, which show that Buzz Pop's "effective date" was December 1, 2018. (Dkt. 14-1)

"To establish standing for a contract action, a plaintiff must show that he has a legally protected interest in the contract." Bradford v. CVS Pharmacy, Inc., No. 1:12-CV-1159-TWT, 2013 WL 5587350, at *4 (N.D. Ga. Oct. 10, 2013). A plaintiff may make this

showing by alleging that "its right to enforce [an] agreement[ ] arises from its status as 'successor'" to a party to the agreement. Allegiance Healthcare Corp. v. Coleman, 232 F. Supp. 2d 1329, 1332 (S.D. Fla. 2002); see also ZSR Patlayici Sanayi A.S. v. Sarac Distribs. LLC, No. 2:19-CV-864, 2020 WL 1065231, at *2 (M.D. Fla. Mar. 5, 2020) (rejecting standing challenge to breach-of-contract claim where "the Complaint allege[d] [the plaintiff] [was] the successor in interest to [a party to the relevant agreement] and detail[ed] how that came about").

If its allegations are true, Buzz Pop has standing to assert claims based on the August 2018 contract. Buzz Pop alleges that it is the successor-in-interest to Ruskboy Holdings, LLC, which conducted business under the fictitious name "Buzz Pop Cocktails." (Dkt. 9 at ¶ 5) The freight bill for the August 2018 contract lists "Buzz Pop Cocktails" as the "billing customer." (Dkt. 9-5) Likewise, in September 2018, "Buzz Pop Cocktails" sent an invoice to Booze Pops for "Varied flavors of Buzz Pops (114 cases mixed)." (Dkt. 9-4) These allegations and documents support a reasonable inference that Buzz Pop is the successor-in-interest to the entity that contracted with Booze Pops in August 2018 to sell frozen alcoholic sherbet. See ZSR Patlayici Sanayi A.S., 2020 WL 1065231, at *2 ("At this point—when the Court must accept all well-pled allegations as true—[the plaintiff's allegations are] enough to allege [the plaintiff] is the successor in interest to [the predecessor entity] under the contract."). Accordingly, Buzz Pop has asserted "a legally protected interest in the [August 2018] contract." Bradford, 2013 WL 5587350, at *4.

Booze Pops responds by claiming that Buzz Pop "cannot have succeeded to ownership of" Buzz Pop Cocktails because Buzz Pop's legal name (Buzz Pop Cocktails Corporation) is "identical" to its fictitious name (Buzz Pop Cocktails), in violation of the

7

requirement that a fictitious name be "other than the person's legal name." Fla. Stat. § 865.09(2)(c). Booze Pops' argument at this stage of the proceedings is unpersuasive. As an initial matter, the name "Buzz Pop Cocktails Corporation" is not identical to the name "Buzz Pop Cocktails." Booze Pops does not cite—and the Court is unable to find—any authority establishing that Florida law forbids the type of fictitious-name registration at issue here. More importantly, Booze Pops fails to explain how the invalidity of a fictitious name would preclude Buzz Pop from enforcing contractual rights it assumed when it became Ruskboy Holdings, LLC's successor-in-interest.

Booze Pops also contends that Buzz Pop cannot use the fictitious name "Buzz Pop Cocktails" because Ruskboy Holdings, LLC—not Buzz Pop—registered the name. (Dkt. 14 at 7) Buzz Pop expressly alleges, however, that it is Ruskboy Holdings, LLC's successor-in-interest, and it is therefore reasonable to infer that Buzz Pop succeeded to ownership of the fictitious name. (Dkt. 9 at ¶ 5)

### ii.  The Trademark-Related Claims

Booze Pops' challenge to Buzz Pop's standing to assert the trademark-related claims fares no better. Booze Pops contends that Buzz Pop lacks such standing because "the Amended Complaint fails to show that [Buzz Pop] owns the asserted trademarks." (Dkt. 14 at 12) In support of this argument, Booze Pops cites an exhibit to the Amended Complaint showing that the trademarks were registered by Real Estate Flipz, LLC, not Buzz Pop. (Dkt. 9-1)

To satisfy "the injury in fact element of Article III standing" in a trademark action, a plaintiff must allege that it "own[ed] the [trademark] at the time of filing." Insect Sci. Res., LLC v. Timberline Fisheries Corp., No. 1:07-CV-2662-JEC, 2010 WL 431233, at *4 (N.D.

Ga. Feb. 4, 2010); see also ROOR v. Sanz Bros., LLC, No. 16-61429-CIV, 2018 WL 1881287, at *6 (S.D. Fla. Mar. 1, 2018) (requiring plaintiff to establish that "it h[e]ld a valid claim to the trademark at issue when this matter was filed"), adopted by 2018 WL 1875621 (S.D. Fla. Mar. 7, 2018). Here, Buzz Pop alleges that it is the "successor owner of the Buzz Pop Cocktails trademarks previously registered by Real Estate Flipz, LLC." (Dkt. 9 at ¶ 5) That allegation is sufficient to establish at the pleading stage that Buzz Pop "ha[d] a legally protectable interest in [the] trademark[s] [at issue]" when it initiated this lawsuit, and thus has standing to assert the trademark-related claims. Insect Sci. Res., LLC, 2010 WL 431233, at *4.

### B. The Court Lacks Personal Jurisdiction over Booze Pops

Booze Pops contends that this Court cannot exercise personal jurisdiction over Booze Pops because it "lacks the necessary contacts with the State of Florida sufficient to satisfy Florida's long-arm statute and due process." (Dkt. 14 at 3) Buzz Pop disagrees, pointing to three sets of Florida contacts that purportedly support the exercise of specific personal jurisdiction here: (i) Booze Pops' failure to pay for the sherbet it purchased from Buzz Pop, a Florida corporation, (ii) the injury Buzz Pop suffered in Florida when Booze Pops allegedly infringed its trademarks, and (iii) Booze Pops' alleged solicitation of franchisees in Florida via its website. (Dkt. 15 at 12-14) The Court concludes that these contacts are insufficient to confer personal jurisdiction over Booze Pops.

"Personal jurisdiction generally entails a two-step inquiry." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007). First, the court "determine[s] whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." Id. Second, the court "examine[s] whether exercising jurisdiction over the defendant would

violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice." Id.

Where, as here, a plaintiff relies on a theory of specific personal jurisdiction, "th[e] inquiry must be conducted . . . as to each claim separately." APR Energy, LLC v. Pakistan Power Res., LLC, No. 3:08-CV-961-J-25MCR, 2009 WL 10670782, at *3 (M.D. Fla. May 21, 2009). Thus, the Court begins with the contract-related claims, and then turns to the trademark-related claims.

### i. The Contract-Related Claims

Under the Florida long-arm statute, "a defendant is subject to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida—for conduct specifically enumerated in the statute." Waite v. All Acquisition Corp., 901 F.3d 1307, 1312 (11th Cir. 2018). Buzz Pop appears to contend that its contract-related claims satisfy the breach-of-contract provision of the long-arm statute. (Dkt. 15 at 12). That provision confers personal jurisdiction over a defendant who "[b]reach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)(7). "Failure to make payments owed under a contract 'where payment is due to be made in Florida is sufficient to satisfy' Section (1)(a)(7) of Florida's long-arm statute." RG Golf Warehouse, Inc. v. Golf Warehouse, Inc., 362 F. Supp. 3d 1226, 1238 (M.D. Fla. 2019) (quoting Glob. Satellite Commc'n Co. v. Sudline, 849 So. 2d 466, 468 (Fla. 4th DCA 2003)).

Buzz Pop's contract-related claims satisfy the breach-of-contract provision of the long-arm statute. Those claims rest on the allegation that Booze Pops breached the

August 2018 contract by failing to make payment to Buzz Pop, a Florida corporation headquartered in Holiday, Florida. (Dkt. 9 at ¶¶ 4, 44-50) Although Buzz Pop does not expressly allege that payment was due in Florida, the Court is required to assume as much where, as here, "it is not clear from the record whether the parties reached agreement as to where [the defendant] was to make payment." O'Brien Glass Co. v. Miami Wall Sys., Inc., 645 So. 2d 142, 144 (Fla. 3d DCA 1994); see also Yparrea v. Twin Cities Wholesale, Inc., No. 3:10CV104/RV/EMT, 2010 WL 1994064, at *3 n.4 (N.D. Fla. May 17, 2010) ("It is not immediately clear if payment under the contract was to be made in Florida. However, in the absence of any express designation to the contrary, I must assume it was."). Because Booze Pops has failed to rebut that presumption with "evidence showing that payments were in fact required to be sent elsewhere," Dollar Rent a Car, Inc. v. Westover Car Rental, LLC, No. 2:16-CV-363-FTM-29CM, 2017 WL 5495126, at *8 (M.D. Fla. Nov. 16, 2017), Buzz Pop has met its burden of establishing that personal jurisdiction over the contract-related claims is proper under the long-arm statute.

Buzz Pop has failed to establish, however, that exercising personal jurisdiction over these claims would be consistent with due process. "Even though a statute may permit a state to assert jurisdiction over a nonresident defendant, the due process clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Licciardello v. Lovelady, 544 F.3d 1280, 1284 (11th Cir. 2008). The "mere failure to pay money in Florida, standing alone, is not sufficient to obtain jurisdiction consistent with due process over a nonresident defendant." Magic Pan Int'l,

Inc. v. Colonial Promenade, 605 So. 2d 563, 566 (Fla. 5th DCA 1992); see also Ganiko v. Ganiko, 826 So. 2d 391, 395 (Fla. 1st DCA 2002) ("Simply contracting with a nonresident is not enough to subject that nonresident to personal jurisdiction. It is also not enough to satisfy due process concerns that payment is to be made in the forum state."). Instead, a plaintiff is required to allege that "the failure to pay a debt owed in this state" was "accompanied by some other related substantial act in Florida that is purposefully directed toward the state or its residents." deMCO Techs., Inc. v. C.S. Engineered Castings, Inc., 769 So. 2d 1128, 1131 (Fla. 3d DCA 2000). This inquiry "focuses on the substance of the transaction: prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1268 (11th Cir. 2010).

Buzz Pop has failed to point to any additional Florida contacts that would justify the exercise of personal jurisdiction over the contract-related claims. To be sure, Buzz Pop alleges that the terms of the August 2018 contract were based on the "previous course of conduct between the parties," which suggests that Booze Pops had ordered sherbet from Buzz Pop before August 2018. (Dkt. 9 at ¶ 45) But the Eleventh Circuit has made clear that where "the defendant's sole contact with the forum is contracting with a forum resident, even a history of such transactions does not provide sufficient minimum contacts." Diamond Crystal Brands, Inc., 593 F.3d at 1271 (emphasis omitted). The only other evidence Buzz Pop submitted on this point—that the sherbet was delivered to South Carolina from Nevada, not Florida—undermines the case for personal jurisdiction. (Dkt. 9 at Ex. E) Thus, because there are no "further contacts or plus factors [that] connect the

defendant to [Florida]," the Court cannot exercise personal jurisdiction over the contract-related claims. Diamond Crystal Brands, Inc., 593 F.3d at 1268.

Although these claims must be dismissed for lack of personal jurisdiction, the Court grants Buzz Pop leave to amend to cure the jurisdictional deficiencies identified above. See Signeo Int'l Ltd. v. Wade, No. 6:12-CV-1884-ORL-DAB, 2013 WL 12153591, at *8 (M.D. Fla. June 6, 2013) (dismissing complaint for "lack of a showing of personal jurisdiction" but giving the plaintiff an "opportunity to plead (if it can) a cognizable cause of action consistent with the pleading standards and the jurisdictional requirements").

### ii. The Trademark-Related Claims

As for the trademark-related claims, Buzz Pop seeks to premise personal jurisdiction over Booze Pops on two sets of Florida contacts: (i) the injury Buzz Pop suffered in Florida when Booze Pops allegedly infringed its trademarks, and (ii) Booze Pops' alleged solicitation of franchisees in Florida via its website. (Dkt. 15 at 11-14). Although the first set of contacts satisfies the tortious-act provision of the Florida long-arm statute, neither category of contacts suffices to render the exercise of personal jurisdiction consistent with due process.

The Florida long-arm statute confers personal jurisdiction over non-residents who "[c]ommit a tortious act within [Florida]." Fla. Stat. § 48.193(1)(a)(2). "[F]irmly established precedent" interprets this provision to "apply to defendants committing tortious acts outside the state that cause injury in Florida." Posner v. Essex Ins. Co., 178 F.3d 1209, 1217 (11th Cir. 1999). "[A]llegations of violations of the Lanham Act and . . . state common law trademark claims constitute 'tortious acts' within the meaning of Florida's Long-Arm

statute." Promex, LLC v. Perez Distrib. Fresno, Inc., No. 09-22285-CIV, 2010 WL 3452341, at *2 n.1 (S.D. Fla. Sept. 1, 2010).

"While the Eleventh Circuit has so far declined to weigh in on whether trademark injury necessarily occurs where the owner of the mark resides, district courts in this state have consistently held that allegations of trademark infringement occurring outside Florida are sufficient for long-arm jurisdiction if the plaintiff suffered harm in Florida." Honus Wagner Co. v. Luminary Grp. LLC, No. 17-CV-61317, 2017 WL 6547899, at *8 (S.D. Fla. Dec. 21, 2017) (collecting cases); see also PG Creative Inc. v. Affirm Agency, LLC, No. 18-CV-24299, 2019 WL 5684219, at *4 (S.D. Fla. Oct. 31, 2019) ("It is well settled in the Eleventh Circuit that trademark claims under the Lanham Act allege tortious acts for long-arm purposes, and that out-of-state infringement causing injury in Florida satisfies the statute.").

Buzz Pop alleges that (i) it is a Florida corporation headquartered in Holiday, Florida, (ii) it owns trademarks related to its sherbet products, and (iii) Booze Pops infringed those trademarks to promote and sell a competing line of frozen alcoholic sherbet. (Dkt. 9 at ¶¶ 4-5, 9, 23-47) Because Buzz Pop "is based in Florida and owns the [relevant trademarks], [Booze Pops'] alleged infringing use of the [trademarks] . . . caused [Buzz Pop] injury in Florida." Gazelles FL, Inc. v. Cupp, No. 618CV544ORL22KRS, 2018 WL 7364591, at *7 (M.D. Fla. Sept. 26, 2018); see also JCS Indus. LLC v. DesignStein LLC, No. 619CV544ORL37EJK, 2019 WL 5391192, at *5 (M.D. Fla. Oct. 22, 2019) ("Here, Plaintiff is a Florida limited liability company with its principal place of business in Saint Cloud, Florida and the owner of the trademark. These allegations . . . establish that the trademark infringement occurred in Florida under Florida's long-arm statute."). Buzz

14

Pop has thus met its burden of establishing that the trademark-related claims satisfy the long-arm statute.

As with its contract-related claims, Buzz Pop has failed to show that the exercise of personal jurisdiction over its trademark-related claims would be consistent with due process. "[I]n cases involving intentional torts," courts evaluate whether a defendant's forum-related contacts satisfy due process by applying the "effects test," which "requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 n.28 (11th Cir. 2009) (citing Calder v. Jones, 465 U.S. 783, 789-90 (1984)). This analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 285 (2014).

Although Buzz Pop has adequately alleged that Booze Pops "committed an intentional tort," it has not shown that Booze Pops' conduct was "directly aimed at the forum." Oldfield, 558 F.3d at 1220 n.28. The two sets of contacts on which Buzz Pop relies—the injury it suffered in Florida due to Booze Pops' alleged trademark infringement, and Booze Pops' alleged solicitation of franchisees in Florida via the Booze Pops website—fail to show that Booze Pops directed any tortious conduct at Florida.

As an initial matter, although the allegation that "infringing conduct caused harm to [the] [p]laintiff [in Florida]" "may be sufficient to satisfy Florida's long-arm statute," it "fall[s] short of satisfying the requirements of due process." Honus Wagner Co., 2017 WL 6547899, at *12. As the Supreme Court made clear in Walden, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that

must form the necessary connection with the forum State that is the basis for its jurisdiction over him." 571 U.S. at 285. The plaintiffs in Walden alleged that the defendant unlawfully seized their cash at a Georgia airport, knowing that they resided in Nevada. Id. at 280. The Ninth Circuit held that the defendant's "knowledge of [the plaintiffs'] strong [Nevada] connections," combined with the "foreseeable harm" the plaintiffs suffered in Nevada, justified the assertion of personal jurisdiction over the defendant in Nevada. Id. 289. The Supreme Court rejected that conclusion and held that "the mere fact that [the] defendant's conduct affected plaintiffs with connections to [Nevada] does not suffice to authorize jurisdiction." Id. at 291.

Applying Walden, several district courts in this circuit have held that a non-resident defendant is not subject to suit in Florida simply because its alleged trademark infringement harmed the plaintiff in that state. See Gazelles FL, Inc., 2018 WL 7364591, at *13 (declining to exercise personal jurisdiction where the defendants' "tortious conduct caused harm to [the plaintiff] in Florida, as a result of [the plaintiff] being a Florida based entity"); Honus Wagner Co., 2017 WL 6547899, at *12 (rejecting as inconsistent with "the requirements of due process" the theory that "Defendants . . . purposefully availed themselves to the state of Florida because their infringing conduct caused harm to Plaintiff, which is located [in] the state"); Blue Water Int'l, Inc. v. Hattrick's Irish Sports Pub, LLC, No. 8:17-CV-1584-T-23AEP, 2017 WL 4182405, at *3 (M.D. Fla. Sept. 21, 2017) ("Under . . . Walden, the fact that the plaintiff allegedly suffered an injury in Florida as a consequence of a purportedly 'intentional' tort is insufficient to subject the Missouri bar to suit in Florida."). As one court explained, the exercise of personal jurisdiction "based on this theory would controvert the Supreme Court's guidance in Walden because it would

16

arise not out of Defendants' purposeful contacts with the state but rather would be based on their connection to Plaintiff and Plaintiff's contacts with Florida." Honus Wagner Co., 2017 WL 6547899, at *12. Accordingly, Buzz Pop cannot premise personal jurisdiction over Booze Pops solely on the injury Buzz Pop suffered in Florida from the alleged trademark infringement.

Nor can personal jurisdiction rest on Booze Pops' purported solicitation of Florida-based franchisees via its website. Although Buzz Pop asserts in its opposition that Booze Pops has "interactively advertised, via its website, for franchisees in this state and district," (Dkt. 15 at 11), "the Amended Complaint lacks any allegations that the website specifically targets Florida." Gazelles FL, Inc., 2018 WL 7364591, at *13. Indeed, the website contains no mention of Florida, and the "Franchising" page merely allows interested readers to provide their contact information to receive "more information on FRANCHISING!" (Dkt. 14-2 at Ex. A) Moreover, Booze Pops' founder offered unrebutted testimony that the company's website (i) "does not target any particular state" and (ii) "does not provide potential franchisees the ability to purchase or contract for the purchase of a franchise online." (Dkt. 14-2 at ¶¶ 15-16)

At most, Buzz Pop has shown that the Booze Pops website is accessible from Florida. "[T]he mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction." Fraser v. Smith, 594 F.3d 842, 874 (11th Cir. 2010) (quoting McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005)). Because the Booze Pops website does not even mention Florida, its existence is insufficient to establish that Booze Pops directed any tortious conduct at the forum. Volt, LLC v. Volt Lighting Grp.

LLC, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019); see also Dynetech Corp. v. Leonard Fitness, Inc., 523 F. Supp. 2d 1344, 1348 (M.D. Fla. 2007) ("While these websites likely are as accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to 'purposeful availment' of conducting activities with Florida."); Goforit Entm't LLC, v. Digimedia.com L.P., 513 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) ("[T]he fact that Defendants' websites are equally accessible everywhere does not establish targeting of Florida.").

In sum, Buzz Pop has failed to meet its burden of showing that the exercise of personal jurisdiction by this Court over the trademark-related claims would be consistent with due process. Nevertheless, the Court grants Buzz Pop leave to amend to cure the jurisdictional deficiencies in these claims if it can do so consistent with its obligations under the Federal Rules of Civil Procedure, in particular, Rule 11. See RC3, Inc. v. Bieber, No. 3:12-CV-193-J-37, 2012 WL 4207457, at *6 (M.D. Fla. Sept. 18, 2012) (dismissing complaint with leave to amend for failure to satisfy Florida long-arm statute).

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss for Lack of Standing, (Dkt. 14), is **DENIED**.
2. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, (Dkt. 14), is **GRANTED**.
    a. Plaintiff's Amended Complaint, (Dkt. 9), is **DISMISSED WITHOUT PREJUDICE**.
    b. In light of the Court's Order Concerning Jury Trials and Other Proceedings in re: Coronavirus Public Emergency, (Dkt. 20), Plaintiff shall have up to and


including **June 19, 2020 (or twenty-one (21) days from any extended stay that may later be entered)** to file a Second Amended Complaint that cures the jurisdictional deficiencies identified in this Order if it can do so consistent with its obligations under the Federal Rules of Civil Procedure, including Rule 11.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of April, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person